UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CARLOS SUBER, | ) |
| Petitioner, | ) |
| vs. | ) Case No: 4:17CV2839 HEA |
| JAY CASSADY, | ) |
| Respondent. | ) |

# **OPINION, MEMORANDUM AND ORDER**

Petitioner filed a pro se petition for writ of habeas corpus under 28 U.S.C. § 2254 [Doc. No.1] on December 6, 2017. Respondent filed a Response to the Court's Order to Show Cause Why Relief Should Not be Granted [Doc. No. 8] on March 22, 2018. Briefing has been concluded in the matter. For the reasons set forth below, the Response to the Order to Show Cause Why Relief Should not be Granted is well taken and the petition will be denied.

## **Procedural Background**

On January 14, 2010 the Petitioner was sentenced to incarceration for a period of ten years on three counts of assault in the first degree by the Circuit Court of St. Louis County. That court suspended the execution of the sentence and placed Petitioner on probation for a period of five years. On June 11, 2015 Petitioner's probation was revoked and his sentences were ordered executed and to

be served concurrently. Petitioner is currently within the custody of the Missouri Department of Corrections.

## Statement of Claims

Petitioner asserts challenge to his probation revocation in this proceeding. He does not assert challenge to his underlying conviction in this proceeding. There are four areas or claims that Petitioner raises: 1) that his probation was revoked without an initial determination about whether he could pay his court costs and intervention fees; 2) that he never received notice of the revocation hearing or a written statement of the reasons for the revocation; 3) that he was denied his right to confront witnesses at the revocation hearing; and 4) that his probation was revoked after the expiration of his probation term.

## Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254 ("AEDPA") applies to all petitions for habeas relief filed by state prisoners after the statute's effective date of April 24, 1996. When reviewing a claim that has been decided on the merits by a state court, AEDPA limits the scope of judicial review in a habeas proceeding as follows:

> An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim —

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d).

In construing AEDPA, the United States Supreme Court, in *Williams v. Taylor*, held that:

> Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the U.S. Supreme Court] on a question of law or if the state court decides a case differently than [the U.S. Supreme Court] has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the U.S. Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

529 U.S. 362, 412–13 (2000). Furthermore, the *Williams* Court held that "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly." 529 U.S. at 409.

A state court decision must be left undisturbed unless the decision was contrary to or involved an unreasonable application of clearly established federal law as determined by the Supreme Court of the United States, or the decision was

based on an unreasonable determination of the facts in light of the evidence presented in state court. *Colvin v. Taylor*, 324 F.3d 583, 586-87 (8th Cir. 2003).

A decision is contrary to United States Supreme Court precedent if it decides a case based on a different rule of law than the rule dictated by United States Supreme Court precedent, or it decides a case differently than the United States Supreme Court did on materially indistinguishable facts. *Id*. A decision may only be overturned, as an unreasonable application of clearly established United States Supreme Court precedent, if the decision is both wrong and an objectively unreasonable interpretation or application of United States Supreme Court precedent. *Id*. A federal habeas court may not disturb an objectively reasonable state court decision on a question of federal law even if the decision is, in the federal court's view, wrong under Eighth Circuit precedent, and even if the habeas court would have decided the case differently on a clean slate. *Id*. State court factual determinations are presumed to be correct and this presumption can only be rebutted by clear and convincing evidence. 28 U.S.C. §2254(e)(1).

## Discussion

Review under 28 U.S.C. § 2254 is a review to determine whether a person "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

**Was the Probation of Petitioner Improperly Revoked for His Failure to Pay Costs and Intervention Fees?**

Here, the Petitioner had a probation revocation hearing by the state trial court. As such, "in revocation proceedings for failure to pay a fine or restitution, a sentencing court must inquire into the reasons for the failure to pay." *Bearden v. Georgia*, 461 U.S. 660, 673 (1983). The Court later clarified that its holding in *Bearden* was limited to situations where "the defendant has violated a condition of probation through no fault of his own[.]" *Black v. Romano*, 471 U.S. 606, 614 (1985).

Petitioner raised this very same issue in his State court habeas proceeding in the Circuit Court of Pike County Missouri. In its opinion, the State habeas court observed that Petitioner was revoked on a trifold basis. He was revoked because he associated with a convicted felon. He was also revoked for failing to pay the court costs and failing to pay intervention fees. The state habeas court held that, because Petitioner was not revoked solely for failing to pay costs, the revocation is still proper even if the probation court did not inquire into Petitioner's ability to pay. (Resp. Ex. C, at 3). The violation for associating with a convicted felon was, alone, sufficient to revoke Petitioner. The opinion is reasonable, and well-supported in the law as recited by the State habeas court. It is consistent with the ruling in *Black*. The decision is a reasonable one and is entitled to deference under 28 U.S.C. §2254(d).

**Did Petitioner Receive Notice of The Revocation Hearing and a Statement of Reasons For the Revocation?**

Petitioner next asserts that he did not receive notice of the revocation hearing or a written statement of the reasons for his revocation in violation of the due process clause. (Doc. 1 at 6). This point was raised in his State court habeas action. The state habeas court held that the record before it refuted Petitioner's allegation that he did not receive notice of the hearing. The record demonstrates the probation court scheduled a revocation hearing, but Petitioner and the State requested the hearing rescheduled twelve times while a pending charge against Petitioner was awaiting trial. (Resp. Ex. C, at 4); (Resp. Ex. B at 2). The probation court ultimately scheduled a revocation hearing once Petitioner's unrelated case was resolved. (Resp. Ex. B at 3).

The state habeas court held that Petitioner's attorney was aware of the final probation hearing date and was present and ready to proceed. (Resp. Ex. C, at 4). A review of the record shows the basis for the conclusion of the State habeas court. The transcript of the revocation hearing shows that Petitioner's attorney alleged that he did not know which specific violations the State was proceeding on at the revocation hearing, but he did not complain about having no notice of the hearing itself. Regarding Petitioner's state petition for habeas relief, the State court determined that Petitioner had notice of the court's intent to hold a hearing, notice of the alleged violations, and an opportunity to be heard. In addition, as aptly noted by Respondent, the record shows that the probation revocation court issued a

written judgment stating the reasons for Petitioner's probation revocation. There is substantial evidence in the record supporting the state court's judgment denying the request for habeas relief from that court. This determination was reasonable and is entitled to deferential treatment pursuant to 28 U.S.C. §2254(d).

**Was Petitioner Denied His Right to Confront Witnesses at The Revocation Hearing?**

Petitioner asserts that a person other than the author of his violation report was permitted to testify regarding Petitioner's probation violations at the revocation hearing. In deciding this point, which was raised in the state habeas court, that court noted that "[h]earsay may form the basis of a revocation proceeding as long as the probationer or counsel may cross-examine the witnesses present." (Resp. Ex. C, at 5); *quoting Moore v. Stamps*, 507, S.W.2d 939, 949 (Mo. App. 1974), *citing Gagnon v. Scarpelli*, 411 U.S. 778, 789 (1973) ("formal procedures and rules of evidence are not employed"). Reviewing the record denotes that Petitioner's attorney did indeed cross-examine the probation officer that read from the report at Petitioner's revocation hearing. (Resp. Ex. A, at 19–21). The evidence in the record supports the state court's judgment denying the request for habeas relief from that court and it is reasonable. This determination was reasonable and is entitled to deferential treatment pursuant to 28 U.S.C. §2254(d).

**Was Petitioner's Probation Revoked After The Expiration of His Term of Probation Had Expired?**

This last claim raises an issue entirely related to state law. Petitioner asserts the revoking court was without authority to act since his term of probation had expired.

Respondent addressed this issue by observing that whether or not a probation court has authority to revoke a defendant's probation after the expiration of the probation term is a question controlled by Missouri statute. *See State ex rel. Strauser v. Martinez*, 416 S.W.3d 798,801 (Mo. 2014)(holding that Section 559.036 Mo.Rev.Stat. extends a courts authority to revoke probation when the court manifested its intent to hold a revocation hearing before the end of the term and made every reasonable effort to hold the hearing). In so doing the focus is squarely placed on the notion that "federal courts are limited to deciding whether a state conviction violated the federal Constitution or laws." *Schleeper v. Groose*, 36 F.3d 735, 737 (8th Cir. 1994). "A federal court may not re-examine a state court's interpretation and application of state law." *Id*.

This claim was raised in the Missouri Court of Appeals. The point was roundly denied on its merits. It is beyond review by this court.

There is ample support in the record for the determination and conclusions of the state courts. Petitioner has failed to rebut the presumption of correctness

through allegation or evidence, which is clear and convincing in nature. The state court rulings are entitled to deference under sections 2254 (d) and (e).

## Conclusion

Based upon the foregoing discussion and analysis, the Petition for Writ of Habeas Corpus is denied.

## Certificate of Appealability

When a district court issues an order under § 2254 adverse to the applicant it "must issue or deny a certificate of appealability." R. Governing Section 2254 Cases in the U.S. Dist. Cts., R. 11. If a federal court denies a habeas application on procedural grounds without reaching the underlying constitutional claims, the court should issue a certificate of appealability if the prisoner has shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Id.; see also *Khaimov v. Crist*, 297 F.3d 783, 786 (8th Cir. 2002) (interpreting *Slack* in the following manner: "1) if the claim is clearly procedurally defaulted, the certificate should not be issued;

2) even if the procedural default is not clear, if there is no merit to the substantive constitutional claims, the certificate should not be issued; but, 3) if the procedural default is not clear and the substantive constitutional claims are debatable among jurists of reason, the certificate should be granted"). Petitioner's federal habeas petition is clearly time-barred under AEDPA, and no reasonable jurist could that find this case is timely filed. See *Slack*, 529 U.S. at 484; *Khaimov*, 297 F.3d at 786 Hence, no certificate of appealability will be issued.

Accordingly

**IT IS HEREBY ORDERED** that the Petition for Writ of Habeas Corpus, [Doc. No. 1], is **DENIED.**

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

A separate judgment in accordance with this Opinion, Memorandum and Order is entered this same date.

Dated this 31st day of March, 2020.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE